**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2396-18T3

GRACE S. WONG,

     Plaintiff-Appellant,

v.

VALLEY NATIONAL BANK,

     Defendant-Respondent,

and

ROBERT G. SCHROEDER
and 561 BROADWAY, LLC,

     Defendants.

_____

          Submitted March 4, 2020 – Decided March 19, 2020

          Before Judges Haas and Enright.

          On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000324-18.

          Grace S. Wong, appellant pro se.

Saiber LLC, attorneys for respondent (James Henry Forte and John M. Losinger, on the brief).

PER CURIAM

Plaintiff Grace S. Wong appeals from the Chancery Division's January 31, 2019 order granting defendant Valley National Bank's motion to dismiss her complaint in which she again attempted to challenge the priority of defendant's purchase money mortgage in a related, and completed, foreclosure action. We affirm.

The parties are fully familiar with the lengthy procedural history of this matter that is summarized in our earlier decision in Valley Nat'l Bank v. 561 Broadway, LLC, Docket Nos. A-1664-16 and A-4203-16 (App. Div. Oct. 24, 2018) (slip op. at 1-5). In that appeal, we affirmed the Chancery Division's determination that defendant's mortgage on the subject property had first priority over plaintiff's subsequent filed lien in the foreclosure action defendant brought against 561 Broadway LLC. Id. at 5. In doing so, we rejected plaintiff's repeated contentions, brought both during the foreclosure action and in subsequent, unsuccessful motions for reconsideration, that defendant obtained its mortgage by fraud, and that its loan was not secured by a purchase money mortgage because defendant allegedly did not provide any funds to the seller. Id. at 5-7.

Following our decision, defendant sold the property to a third party at a December 7, 2018 sheriff's sale. That same day, plaintiff filed a new complaint against defendant in the Chancery Division asserting that defendant materially misrepresented the nature of the mortgage in the foreclosure action, and should not have been granted first priority over plaintiff's later filed lien.

Because these contentions were identical to those raised by plaintiff in the foreclosure action, defendant filed a motion to dismiss the complaint based upon the doctrines of collateral estoppel and res judicata. Following oral argument, Judge James J. DeLuca granted defendant's motion and dismissed plaintiff's complaint with prejudice. In his comprehensive written opinion, Judge DeLuca explained that plaintiff's

> [c]omplaint is the eighth iteration . . . of either a motion for reconsideration or appeal stemming from the [orders entered in the foreclosure action. Plaintiff] has unsuccessfully asserted the same set of repackaged claims in each of the aforementioned actions. She has had ample opportunity to prove and plead her claims at every level of the New Jersey judicial system, and the claims have been determined to be without merit. No further discovery will provide [plaintiff] with evidence to prove her claims. Therefore, dismissal, with prejudice, is the appropriate remedy.

On appeal, plaintiff repeats the same contentions she unsuccessfully raised in the Chancery Division. Having considered these arguments in light of

A-2396-18T3

the record and applicable legal principles, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). As Judge DeLuca found, plaintiff's claims were clearly barred by the doctrines of collateral estoppel and res judicata. Therefore, we affirm substantially for the reasons expressed by Judge DeLuca in his thoughtful written decision that thoroughly addressed plaintiff's arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2396-18T3